MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STOFF, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and DOES 1 through 10,<br><br>Defendants. | Case No. '21CV793 BEN KSC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER THE CLASS ACTION FAIRNESS ACT [28 U.S.C. §§ 1332(d), 1453(b)]**<br><br>Action Filed: June 18, 2020<br>FAC Filed: January 19, 2021<br>SAC Filed: March 23, 2021<br>Removal Filed: April 22, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b), Defendant WELLS FARGO BANK, N.A. ("Defendant") hereby

07685.2472/15739271.1

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

removes the above-captioned action from the Superior Court of the State of California, in the County of San Diego, to the United States District Court for the Southern District of California. Defendant alleges that it is entitled to removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), as follows:

1. Defendant is named in the Second Amended Complaint ("SAC") filed by Plaintiff Michael Stoff ("Plaintiff") in the Superior Court of the State of California, for the County of San Diego, Civil Case No. 37-2020-00020808-CU-BT-CTL, entitled *Michael Stoff, an individual on behalf of himself and all others similarly situated v. Wells Fargo Bank, N.A. and DOES 1-10* (the "State Court Action").

2. The SAC in the State Court Action contains a cause of action for alleged violation of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.25 ("CCRAA"), brought on behalf of a proposed nationwide class of persons.

3. True and correct copies of all pleadings on file in the State Court Action, including the SAC, are attached hereto as Exhibit A. The documents attached as Exhibit A constitute all pleadings, process, and orders served on Wells Fargo in the State Court Action, as required by 28 U.S.C. § 1446(a).

4. Defendant has not yet filed an answer or otherwise responded to Plaintiff's SAC in the State Court Action.

5. This notice of removal is timely under 28 U.S.C. §1446(b)(3) and Federal Rule of Civil Procedure, Rule 6(a) because the SAC is an "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable," per 28 U.S.C. §1446(b)(3); the SAC was first filed and served on Defendant on March 23, 2021; and Defendant files this Notice of Removal within 30 days of receiving the SAC.

6. Removal to the United States District Court for the Southern District of California is proper because this is the district and division which embraces the county in which Plaintiff filed the State Court Action.  28 U.S.C. § 1441(a).

7. This action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. §1332(d)(2) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§1441(a), 1446, and 1453(b).  "Federal jurisdiction under CAFA has three elements:  (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must 'exceed[ ] the sum or value of $5,000,000.' "  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)) (footnote omitted).  This is a putative class action involving more than 100 alleged class members in which at least one member of the alleged class is a citizen of a State different than Defendant and the amount that plaintiff's allegations place in controversy exceeds $ 5 million, exclusive of costs and interest.  *See* SAC, ¶ 61 (alleging "many thousands, if not millions" of mortgages borrowers were affected by alleged conduct at issue); *id.*, ¶ 62 (alleging a putative nationwide class); *id.* at p. 18, Prayer for Relief (seeking up to $5,000 for each of the alleged thousands of class members).

8. *Class Action*.  This action is a putative class action within the meaning of 28 U.S.C. § 1332(d)(1)(B).  Paragraph 62 of the SAC alleges that plaintiff is suing on his own behalf and on behalf of a putative nationwide class.

9. *At least 100 Alleged Class Members*.  The alleged class consists of more than 100 members.  Paragraph 61 of the SAC alleges that Defendant's practices affected "many thousands, if not millions" of mortgage borrowers, while Paragraph 62 alleges a nationwide class of all persons purportedly affected by Defendants's alleged practices.

10. *Minimal Diversity*.  A member of the alleged class is a citizen of different State than Defendant.

a. Plaintiff was and is a citizen of the State of California. Paragraph 8 of the SAC alleges "Plaintiff is a natural person who at all relevant times was a resident in the State of California, City and County of San Diego." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

b. Defendant is informed and believes that one or more other members of the alleged putative class were, and still are, citizens of the State of California.

c. Defendant is not a citizen of the State of California. Defendant Wells Fargo Bank, N.A. is, and at all times relevant was, a citizen of the state of South Dakota, with its main office in Sioux Falls, South Dakota. *See Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota" because "under § 1348, a national banking association is a citizen only of the state in which its main office is located.").

d. The citizenship of Does 1 through 10 is disregarded pursuant to 28 U.S.C. § 1441(a). *See Cripps v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992).

11. *Amount in Controversy*. The amount in controversy in this action exceeds the sum or value of $5 million, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold…." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014).

a. Defendant denies it has any liability to plaintiff or the putative class he seeks to represent, and it need not concede liability to establish the amount in controversy. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015). Nevertheless, a fair reading of the allegations in plaintiff's SAC

demonstrates that the alleged amount in controversy exceeds $5 million. *See Knowles*, 133 S. Ct. at 1348; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978-982 (9th Cir. 2013).

    b.    The SAC's allegations place in controversy more than $ 5 million, exclusive of costs and interest. *See* SAC, ¶ 61 (asserting that Defendant's alleged practices affected "many thousands, if not millions" or mortgages); *id.*, ¶ 62 (alleging a putative nationwide class); *id.* at p. 18, Prayer for Relief (seeking up to $5,000 for each of the alleged thousands of class members). The SAC seeks, *inter alia*, actual damages, statutory and punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(B), along with injunctive relief. *Id.* at p. 18, Prayer for Relief. This relief is sought on behalf of all putative class members.

    12.    As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the removal of this action to plaintiff and to the San Diego County Superior Court.

    WHEREFORE, Defendant prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: April 22, 2021        SEVERSON & WERSON
                                      A Professional Corporation

                                      By:   */s/ Rebecca S. Saelao*
                                                  REBECCA S. SAELAO

                                      Attorneys for Defendant
                                      WELLS FARGO BANK, N.A.