**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL STOFF, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10,<br><br>　　　　　　　Defendant. | Case No.: 3:21-cv-00793-BEN-KSC<br><br>**ORDER DENYING JOINT MOTION REGARDING STIPULATED BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. §1447(c) AND DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 13]** |

**I.　INTRODUCTION**

　　Plaintiff Michael Stoff, an individual, and on behalf of himself and all others similarly situated ("Plaintiff"), brings this action against Defendant Wells Fargo Bank, N.A., a Delaware corporation ("Defendant") alleging violations of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.*, and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ECF No. 1-2.

　　Before the Court is the Joint Motion and Stipulation of Plaintiff and Defendant (collectively, the "Parties") to Modify the Briefing Schedule on Plaintiff's motion to

remand pursuant to 28 U.S.C. §1447(c) and Defendant's motions to dismiss and to strike Plaintiff's Second Amended Complaint ("SAC"). ECF No. 13. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Joint Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff, a Wells Fargo home loan borrower, alleges that in early April 2020, following the COVID-19 pandemic, he requested and received a three (3) month forbearance of his mortgage obligations under the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. § 9001, *et seq.* (the "CARES Act"). SAC, ECF No. 1-2 at 140, ¶ 4, 142, ¶ 10. Despite his forbearance request, Plaintiff alleges that Defendant furnished inaccurate information to the various credit reporting agencies that the mortgage was in forbearance. *Id.* at 149, ¶¶ 42-43. Plaintiff alleges this negatively impacted his credit score and required him to file a dispute with credit reporting agencies. *Id.* at 149, ¶¶ 44.

### B. Procedural History

On June 18, 2020, Plaintiff filed his original complaint against Defendant, commencing *Michael Stoff v. Wells Fargo Bank, N.A. and DOES 1-10*, San Diego Superior Court Case No. 37-2020-00020808-CU-BTCTL (the "State Court Action"). ECF No. 1-2 at 3. On June 24, 2020, Plaintiff served Defendant with the Summons and Initial Complaint. ECF No. 12-1 at 9:17-18.

On August 25, 2020, Defendant filed a demurrer to the complaint, which the San Diego Superior Court sustained on January 8, 2021, while granting leave to amend. ECF No. 1-2 at 24, 165. Accordingly, on January 19, 2021, Plaintiff filed a First Amended Complaint (the "FAC"). ECF No. 1-2 at 97. On February 22, 2021, Defendant filed a Demurrer to the FAC as well. ECF No. 1-2 at 110. Instead of opposing the demurrer, on March 23, 2021, Plaintiff filed the operative Second Amended Class Action Complaint

(the "SAC") for Damages.[1]  ECF No. 1-2 at 139.

On April 22, 2021, before responding to the SAC, Defendant removed the case to federal court under the Class Action Fairness Act, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453(b).  ECF No. 1 at 3, ¶ 7.  Shortly thereafter, on April 29, 2021, Defendant filed a Motion to Dismiss Plaintiff's SAC, ECF No. 3, and Strike the Nationwide Class Allegations in Paragraph 62 of the SAC, ECF No. 4, both of which are scheduled to be heard on June 14, 2021 at 10:30 a.m.  ECF No. 13 at 2, ¶ 5.

On May 21, 2021, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. §1447(c), ECF No. 12, which is scheduled to be heard on June 21, 2021 at 10:30 a.m.  ECF No. 13 at 2, ¶ 7.

On May 25, 2021, the Parties filed the instant Joint Motion.  ECF No. 13.

## III.  LEGAL STANDARD

"Except as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge."  S.D. Cal. Civ. R. 7.2(a).  Such stipulations "must first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer."  S.D. Cal. Civ. R. 7.2(b).

## IV.  DISCUSSION

The Local Rules require that "[a]ll hearing dates for any matters on which a ruling is required must be obtained from the Clerk of the judge to whom the case is assigned." S.D. Cal. Civ. R. 7.1(b).  "Unless the Court shortens time . . . , any motion . . . will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed."  S.D. Cal. Civ. R. 7.1(e)(1).  Any opposition brief "or statement of non-opposition

---

[1]  California Code of Civil Procedure section 472(a) allows a party to "amend its pleading once without leave of the court at any time . . . after a demurrer is filed but before the demurrer is heard if the amended complaint . . . is filed and served no later than the date for filing an opposition to the demurrer."  Here, the hearing date on the demurrer to the FAC was scheduled for July 23, 2021 at 11:00 a.m., meaning the deadline to oppose the demurrer was nine (9) court days before the hearing.

with the Clerk and serve[d] . . . not later than fourteen (14) *calendar* days prior to the noticed hearing." S.D. Cal. Civ. R. 7.1(e)(2). "[A]ny reply memorandum must be filed and served not later than seven (7) days prior to the date for which the matter is noticed." S.D. Cal. Civ. R. 7.1(e)(3). Once a hearing date is obtained, the "judge may, in the judge's discretion, decide a motion without oral argument." S.D. Cal. Civ. R. 7.1(d)(1).

In their Joint Motion, the Parties agree, subject to Court approval, to modify the briefing and hearing schedule on Plaintiff's motion to remand and Defendant's motions to dismiss and to strike. They proposed that both Parties' oppositions to the motions would be due on June 18, 2021, and the Parties' replies in support of the motions would be due on July 9, 2021. ECF No. 13 at 2-3, ¶¶ 7. They also seek to continue the hearing on all three motions to July 19, 2021 at 10:30 a.m. *See id.*

In this case, these Local Rules require the following schedule, which the Parties seek to modify as shown below:

|  | **Defendant's Motions to Dismiss & Strike:** | | **Plaintiff's Motion to Remand:** | |
| --- | --- | --- | --- | --- |
|  | **Current Date:** | **Proposed Date:** | **Current Date:** | **Proposed Date:** |
| **Moving Papers Due:** | Monday, May 17, 2021 | N/a – Timely submitted | Monday, May 24, 2021 | N/a – Timely submitted |
| **Opposition Due:** | Monday, May 31, 2021 | Friday, June 18, 2021 | Monday, June 7, 2021 | Friday, June 18, 2021 |
| **Reply Brief Due:** | Monday, June 7, 2021 | Friday, July 9, 2021 | Monday, June 14, 2021 | Friday, July 9, 2021 |
| **Hearing Date:** | June 14, 2021 at 10:30 a.m. | Monday, July 19, 2021 at 10:30 a.m. | June 21, 2021 at 10:30 a.m. | Monday, July 19, 2021 at 10:30 a.m. |

Separate and aside from the fact that the Parties both desire and agree to the modified schedule, they provide no reasoning as to why the Court should continue the above dates. The Court bears in mind that this case is nearing the one-year mark of its original filing in the San Diego Superior Court, yet remains in the pleading stage with jurisdiction still needing to be determined. More importantly, if this case is appropriate for dismissal or remand, the Court needs adequate time to review such briefing. As such, the Court

**DENIES** the Parties' Joint Motion.

## V.  CONCLUSION

The Court having reviewed the Joint Motion, and good cause not having been provided by the Parties, **DENIES** the Joint Motion.

**IT IS SO ORDERED.**

DATED:   May 28, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge